ON WRIT OF CERTIORARI TO THE COURT OF APPEAL, THIRD CIRCUIT, PARISH OF ST. LANDRY Writ denied. CRICHTON, J., would grant and assigns reasons: hFor the reasons assigned by Judge Gremillion, Thibodeaux v. Arvie, 2017-625, p. 1 (La. App. 3 Cir. 8/31/17), 226 So.3d 1229, 2017 WL 3775712 (Gremillion, J., dissenting), I would grant this writ application. In this motorcycle accident case, an uninsured motorist (“UM”) insurer—Progressive Security Insurance Company (“Progressive”)—-filed a partial motion for summary judgment arguing for the district court to dismiss the plaintiffs claim for bad faith. I agree with Judge Gremillion that the district court’s finding of genuine issues of liability, without more, does not necessarily constitute genuine issues of bad faith. See Louisiana Bag Co., Inc. v. Audubon Indem. Co., 2008-0453, p. 14 (La. 12/2/08), 999 So.2d 1104, 1114 (noting that when there are “substantial, reasonable, and legitimate questions as to the extent of the insurer’s liability” bad faith cannot be inferred). And as stated by Judge Gremil-lion, the evidence in the record suggests that the plaintiff was partially at fault for the accident and that the plaintiff may not be entitled to UM insurance. Therefore, I would grant Progressive’s writ application in order to fully evaluate whether there is a genuine issue of material fact as to bad faith."